**Bryan Rigoverto Garcia VENTURA, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 16-71190

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Tania T. Pham, Law Offices of Tania Pham, Woodland Hills, CA, for Petitioner

OIL, Allison Frayer, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## MEMORANDUM **

Bryan Rigoverto Garcia Ventura, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001). We deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the agency's conclusion that, even if Garcia Ventura established membership in a cognizable social group, he failed to demonstrate a causal nexus between the harm he suffered and fears and a protected ground. *See id.* at 1051-52 (personal dispute not grounds for asylum unless connected to a protected ground). Thus, we deny the petition as to asylum.

Respondent's unopposed request to remand Garcia Ventura's CAT claim to the agency to assess the impact of this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) is granted.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is